IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY ROLLO,

    Petitioner,               No. CIV S-10-2983 LKK GGH P

   vs.

M. MARTEL,

    Respondent.          FINDINGS & RECOMMENDATIONS

_____/

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

      On January 27, 2011, the undersigned vacated the briefing schedule in this case and instead ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. ___, 131 S. Ct. 859, 861 (2011).[1]

\\\\\

---

[1] The earlier citation in the prior order was to Swarthout v. Cooke, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011)

1

The parties have timely filed briefing. As grounds for his petition, petitioner claims that his rights to due process and equal protection were violated when he was denied parole without "some evidence" to demonstrate that he posed a current unreasonable risk to public safety. See Petition. He also claims he was subjected to cruel and unusual punishment and to a violation of the ex post facto clause when he was given a five-year denial. Id.

Respondent contends that petitioner's claims of an equal protection violation, cruel and unusual punishment and an ex post facto clause violation are conclusory, insufficiently supported and also not exhausted. Respondent's Supp. Briefing, pp. 2-3, citing, inter alia, Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995) and Rule 2(c) of the Rules Governing § 2254 Petitions. As to the question of exhaustion,[2] the court's review of the petitioner's application to the state supreme court does reveal that claims of violations of the equal protection and ex post facto clauses were not therein raised, nor was a claim of cruel and unusual punishment. Respondent's Exhibit 1, pp. 1-19. However, while these claims may not be exhausted, the court elects to reach the claims and recommend they be denied on the merits. See 28 U.S.C. § 2254(b)(2).[3]

Petitioner contends that he was denied a fair hearing and his right to equal protection when his hearing was postponed from December 2008, because his BPH-appointed attorney "'called in sick.'" Petition, p. 22. He claims he was denied a fair hearing when the hearing was postponed off the record and without his consent, denying him his right to proceed without counsel; he also claims that because the 2008 hearing was put off, a new 2009

---

[2] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

[3] "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

1  psychological evaluation, which did not exist at the time of the 2008 hearing, was considered and
2  was unreliable as it contained erroneous/false information which, along with other factual
3  inaccuracies (such as the D.A.'s "mischaracterized version of the commitment offense"), was
4  unfairly relied on by the BPH panel.  Id. at 15-27; Petitioner's Supplemental Briefing, pp. 4-12.
5  He claims that the BPH and the state courts have denied him his right to be heard on the issue of
6  the factual inaccuracy and unreliability of the evidence relied on by the BPH at the hearing and
7  have failed to address his claims.  Petition, pp. 6-7; Petitioner's Supplemental Briefing, pp. 10-
8  12.  However, the basis of his claim of an equal protection violation appears to be that other
9  inmates who had hearings in 2008 were permitted to proceed when scheduled and without
10 counsel, if they were competent.  Petition, p. 10.

11         In supplemental briefing, respondent correctly contends, an equal protection
12 violation may be shown only if it can be demonstrated there was intentional discrimination based
13 on one's membership in a protected class (Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir.
14 2003)), or that one has been intentionally treated differently from those who were similarly
15 situated absent a rational basis for such different treatment (Village of Willowbrook v. Olech,
16 528 U.S. 562, 564, 120 S. Ct. 1073 (2000).  See Respondent's Supp. Briefing, p. 3.  The court
17 agrees with respondent that an administrative decision delaying a parole consideration hearing
18 due to petitioner's counsel's illness does not implicate equal protection because petitioner does
19 not thereby convincingly allege that inmates in the situation he was in are dissimilarly treated.
20 Moreover, delaying a hearing in order to provide an opportunity for one's counsel to attend
21 hardly appears irrational.  Further, the BPH hearing transcript shows that both petitioner and his
22 counsel were permitted the opportunity to be heard as to the objections petitioner had to, inter
23 alia, the 2009 psychological evaluation.  See below.  Petitioner's claim of an equal protection
24 violation is insufficiently supported and should be denied.

25         Moreover, petitioner's claims of unfairness at the hearing do not state a claim.
26 As was stated in the show cause order, under Swarthout, it appears not only that there is no

federal due process requirement for a "some evidence" review, it also appears that federal courts are precluded from review of the state court's application of its "some evidence" standard. 131 S. Ct. at 862.

The court's review of the BPH hearing transcript confirms that petitioner, despite his protestations otherwise, received due process inasmuch as he was "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout, at 862; Petition exhibits, docket # 5, pp. 31-96.[4]  Although the court is foreclosed from going beyond that determination and may not weigh the sufficiency of the evidence to support the parole denial, the undersigned observes that petitioner raised his objections to the evidence considered by the BPH panel and presented his own assessments himself or through his counsel. See, e.g., docket # 5, pp. 54-55, 66-71, 79-85.

As a separate ground for denial of petitioner's ex post facto claim, it appears that this is a challenge to the application of Proposition 9[5] to him, resulting in an increased (five-year) deferral period before his next parole suitability hearing, a claim that is not a challenge to the parole denial decision itself and is, therefore, not cognizable under 28 U.S.C. § 2254. Although petitioner's ultimate goal is a speedier release from incarceration, the immediate relief sought on this ground vis-a-vis Marsy's Law is a speedier *opportunity* to *attempt* to convince BPH once again that he should be released; that is too attenuated from any past finding by the BPH of parole suitability for such a claim to sound in habeas. Rather this claim is a challenge to the constitutionality of state procedures denying parole eligibility or suitability and could properly proceed pursuant to an action under 42 U.S.C. § 1983. Skinner v. Switzer, ___U.S.___, 2011 WL 767703 at *8 (Mar. 7, 2011) ("Success in his suit for DNA testing would not 'necessarily imply' the invalidity of his conviction"); id,, citing Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S.

---

[4] The court's electronic pagination is referenced.

[5] Cal. Penal Code § 3041.5, as amended in 2008 by Proposition 9 (Marsy's Law).

4

Ct. 1242, 1248 (2005) ("Success...does not mean immediate release from confinement or a shorter stay in prison" but "at most [a] new eligibility review" or "a new parole hearing...."). Moreover, the High Court in <u>Wilkinson</u> expressly noted that a claim seeking "an injunction barring *future* unconstitutional procedures did *not* fall within habeas' exclusive domain." Id. at 81, 125 S.Ct. at 1247 [emphasis in original.]   Even earlier, the Ninth Circuit had found that the challenge of inmates to a sex offender treatment program as a violation of, inter alia, the ex post facto clause and their due process rights was appropriate under § 1983 because victory could only result in "a ticket to get in the door of the parole board....," and did not undermine the validity of convictions or continued confinement. <u>Neal v. Shimoda</u>, 131 F.3d 818, 824 (9th Cir. 1997).

Moreover, currently, there is a class action proceeding, <u>Gilman v. Fisher</u>, CIV-S-05-0830 LKK GGH,[6] wherein "the <u>procedures</u> used in determining suitability for parole: the factors considered, the explanations given, and the frequency of the hearings" are what is at issue.  <u>Id</u>., p. 8 [emphasis in original].  The "frequency of the hearings" is precisely what is at issue in the instant claim.

The <u>Gilman</u> class is made up of:

> California state prisoners who: "(I) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions."

<u>Id</u>., p. 10.[7]

Plaintiff, sentenced to a term of seven years to life for first degree felony murder, burglary and robbery, fits squarely within the parameters of the <u>Gilman</u> class.[8]  Petition, p. 1;

---

[6] See Docket # 182 of Case No. 05-CV-0830.

[7] The Ninth Circuit affirmed the <u>Order</u>, certifying the class.  See Docket # 258 in Case No. 05-CV-0830.

[8] As a member plaintiff of a class action for equitable relief from prison conditions, petitioner may not, as plaintiff, maintain a separate, individual suit for equitable relief involving the same subject matter of the class action.  See <u>Crawford v. Bell</u>, 599 F.2d 890, 892-93 (9th

BPH transcript, docket # 5, p. 33.[9]

For the reasons set forth above, the petition should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that the petition be denied.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 29, 2011                 /s/ Gregory G. Hollows

                                      _____
                                      GREGORY G. HOLLOWS
                                      UNITED STATES MAGISTRATE JUDGE

GGH:009
roll2983.fr

---

Cir.1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action ."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

[9] Moreover, petitioner is serving a life term. The deferral in a parole eligibility hearing cannot constitute "punishment" under the Eighth Amendment because his sentence has not been increased.